Laura Lynne Elliot, Carlsbad, Cal., for defendant-appellant.

Amalia L. Meza and Roger W. Haines, Jr., Asst. U.S. Attys., San Diego, Cal., for plaintiff-appellee.

Before GOODWIN, Chief Judge, TANG, and BOOCHEVER, Circuit Judges.

---

**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Pedro VIZCARRA–ANGULO,
Defendant–Appellant.**

**No. 89–50397.**

United States Court of Appeals,
Ninth Circuit.

Submitted April 11, 1990.

Submission Deferred April 11, 1990.

Resubmitted * April 20, 1990.

Decided May 29, 1990.

BOOCHEVER, Circuit Judge:

Pedro Vizcarra–Angulo appeals his forty-month sentence for conspiracy to possess heroin with intent to distribute. We dismiss for lack of jurisdiction.

On April 24, 1989, Vizcarra–Angulo pled guilty to one count of violating 21 U.S.C. §§ 846 and 841(a)(1) (1988). In return for his cooperation, the government agreed to recommend a forty-month sentence, which is below the statutory minimum of five years. The presentence report had calculated a sentence of eighty-seven months in custody under the Sentencing Guidelines. The district court accepted the government's recommendation, and pursuant to 18 U.S.C. § 3553(e) (1988), sentenced Vizcarra–Angulo to forty months imprisonment. *See* United States Sentencing Commission, *Guidelines Manual* § 5K1.1 (Oct. 15, 1988) (court may depart downward from guidelines upon motion of the government stating defendant has provided sub-

---

* The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34–4 and Fed.R.App.P. 34(a).

stantial assistance to authorities; sentence below statutory mandatory minimum may be justified).

Vizcarra–Angulo now asserts that the departure downward to forty months was insufficient because he is functionally illiterate, unsophisticated, and was victimized by his coconspirators. At the sentencing hearing, Vizcarra–Angulo raised none of these objections to the forty-month sentence. Even if he did not thereby waive his right to raise these issues now, his appeal fails for a lack of jurisdiction.

We have recently held that "a district court's discretionary decision not to depart downward from the guidelines is not subject to review on appeal." *United States v. Morales,* 898 F.2d 99, 103 (9th Cir.1990). Because we have no jurisdiction when a defendant appeals the district court's discretionary refusal to depart downward, by the same reasoning we may not review a defendant's appeal from the district court's discretion in fixing the extent of a downward departure.

Our conclusion is supported by statutory language. A defendant may appeal a sentence if it:

(1) was imposed in violation of law;

(2) was imposed as a result of an incorrect application of the sentencing guidelines; or

(3) *is greater than the sentence specified in the applicable guideline range* ...; or

(4) was imposed for an offense for which there is no sentencing guideline and is plainly unreasonable.

18 U.S.C. § 3742(a) (1988) (emphasis added). When the district court imposes a sentence that falls below the guideline range, the government may appeal. *Id.* at (b)(3). Defendants, however, may not appeal a sentence that falls below the guideline range because they are dissatisfied with the degree of departure imposed by the district court. There is no statutory authority for such an appeal, which would subject correctly calculated sentences to a scrutiny not intended by Congress. *See Morales,* 898 F.2d at 102–03 (Congress in-

tended a limited review of federal sentences, consistent with pre-guidelines refusal to review sentences within statutory limits, absent constitutional concerns).

Three other circuits have refused to review defendants' claims that a downward departure was insufficient. *See United States v. Left Hand Bull,* 901 F.2d 647 (8th Cir.1990) (LEXIS, Genfed Library, Current file); *United States v. Pighetti,* 898 F.2d 3, 5 (1st Cir.1990); *United States v. Wright,* 895 F.2d 718, 721–22 (11th Cir.1990) (per curiam). As the *Wright* court noted, if the defendant could maintain such an appeal,

the language of [18 U.S.C. § 3742] subsection (a) restricting a defendant's appeal to a sentence greater than the guideline recommendation would be made superfluous. Similarly, [18 U.S.C. § 3742] subsection (b)'s restriction of the government's ability to appeal sentences falling below the guidelines would be rendered nugatory.

895 F.2d at 722.

Because we hold that a defendant may not challenge on appeal the extent of a downward departure, this appeal is DISMISSED for lack of jurisdiction.