959 F.2d 242
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Raphyal CRAWFORD, Defendant-Appellant.
 No. 90-55538.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 8, 1992.*
Decided April 10, 1992.
 
 Before HUG, O'SCANNLAIN and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Raphyal Crawford, a federal prisoner, appeals pro se the district court's denial of his 28 U.S.C. § 2255 motion to vacate his sentence. Crawford, who was named in an eighteen-count indictment and charged with seven counts of various drug offenses, pleaded guilty to one count of conspiracy to manufacture and distribute 199.9 grams of rock cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846. We review de novo, United States v. Angelone, 894 F.2d 1129, 1130 (9th Cir.1990), and we affirm.
 
 
 3
 Crawford first contends that his guilty plea was ineffective because he did not understand what his sentence would be under the Sentencing Guidelines. During the plea proceedings, Crawford was advised of the constitutional rights he was waiving by pleading guilty, the maximum statutory penalty of twenty years, and the implications of sentencing under the Guidelines. In accordance with the terms of the plea agreement, the government recommended a sentence of eight years, which is the sentence Crawford received. Given these circumstances, Crawford's guilty plea was voluntary. See Boykin v. Alabama, 395 U.S. 238, 242-43 (1969); United States v. Turner, 881 F.2d 684, 685-87 (9th Cir.) (if defendant is advised of maximum possible penalty and implications of sentencing under the Guidelines, then guilty plea is voluntary), cert. denied, 493 U.S. 871 (1989).
 
 
 4
 Crawford next asserts that his guilty plea was involuntary because his attorney pressured him into pleading guilty, which allegedly resulted in Crawford's entering into the plea agreement without understanding that he was waiving his right to appeal. This assertion lacks merit. The written plea agreement specified that "[d]efendant Crawford will waive his right to appeal the sentence imposed by this court, and further, will not appeal the sentence imposed by the court." During the plea proceedings, Crawford acknowledged that he had discussed the plea agreement with his attorney and that he had read, agreed with, and signed the plea agreement. He also acknowledged that all promises made to him were reflected in the written plea agreement and that no one had coerced him into pleading guilty. Given these circumstances, Crawford's challenges to the voluntariness of his plea fail. See Chizen v. Hunter, 809 F.2d 560, 562 (9th Cir.1986) (defendant's statements made in open court at the time of a plea carry a strong presumption of verity); see also United States v. Bollinger, 940 F.2d 478, 479-80 (9th Cir.1991) (express waiver of right to appeal sentence in a negotiated plea of guilty is valid if knowingly and voluntarily made and if the sentence imposed is in accordance with the negotiated agreement) (citing United States v. Navarro-Botello, 912 F.2d 318, 322 (9th Cir.1990), cert. denied, 60 U.S.L.W. 3653 (Mar. 23, 1992)).[1]
 
 
 5
 Crawford next contends that his attorney rendered him ineffective assistance of counsel by failing to give him an adequate opportunity to read the presentence report. At the sentencing hearing, which began at 9:00 a.m. on September 5, 1989, the trial court learned that Crawford had not read the presentence report and continued the hearing until 2:00 p.m. The trial court began the afternoon session by asking Crawford whether he had read the presentence report. Crawford responded that he had. Given these circumstances, Crawford's claim that he did not have an adequate opportunity to read the presentence report fails. See Bollinger, 940 F.2d at 479-80.
 
 
 6
 Crawford next contends that his attorney rendered him ineffective assistance because he failed to object to the amount of the crack cocaine involved in the offense. Crawford alleges that the correct amount was less than 150 grams, which would give him a Guidelines range of 97 months to 121 months, as opposed to the 121 months to 151 months range calculated by the district court for the charged amount of 199.5 grams. This contention lacks merit.
 
 
 7
 First, Crawford pleaded guilty to the count as charged. He acknowledged that he had read the presentence report, and he did not challenge any of the facts or allegations in the presentence report when given an opportunity to address the sentencing court. He has not raised any grounds that suggest that his attorney's performance was deficient or that the allegedly deficient performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687 (1984).
 
 
 8
 Second, even assuming that Crawford's appropriate Guidelines range was 97 months to 121 months, his contention that his sentence was improper fails. Crawford's statutory minimum sentence was ten years for any amount of crack cocaine greater than 50 grams. See 21 U.S.C. § 841(b)(1)(A). Thus, 120 months was Crawford's mandatory minimum sentence for either Guidelines range. The district court departed downward from the statutory mandatory minimum of 120 months upon the government's request pursuant to 18 U.S.C. § 3553(e). Accordingly, even if Crawford were to prevail on his challenge to the applicable sentencing range, his sentence would be the same. See United States v. Munster-Ramirez, 888 F.2d 1267, 1273 (9th Cir.1989) (in situations where the district court would have pronounced the same sentence, this court will not determine which Guidelines range is applicable because the defendant cannot demonstrate prejudice), cert. denied, 111 S.Ct. 1951 (1990); see also United States v. Vizcarra-Angulo, 904 F.2d 22, 23 (9th Cir.1990) (this court has no jurisdiction to review the extent of the district court's downward departure). To the extent that Crawford also may be contending that his guilty plea was ineffective because the district court misapplied the Guidelines, we reject his contention on the same grounds. See also Bollinger, 940 F.2d at 479-80 (knowing and voluntary waiver of right to appeal sentence in a negotiated guilty plea is valid despite district court's alleged misapplication of the Guidelines if the defendant received the period of incarceration specified in the plea agreement).
 
 
 9
 Finally, Crawford contends that he was denied a meaningful opportunity to speak at the sentencing hearing. This argument lacks merit. After Crawford's attorney finished his presentation, the sentencing court asked Crawford if he had anything he wished to say on his own behalf. Crawford then commented on a prior misdemeanor burglary. Given these circumstances, Crawford was not denied a meaningful opportunity to speak at his sentencing hearing. See Boardman v. Estelle, No. 90-55238, slip op. 105 (9th Cir. Jan. 9, 1992), amended in part on other grounds, No. 90-55238, slip op. 2411 (9th Cir. Mar. 11, 1992).
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 For the first time in his reply brief, Crawford asserts that his attorney pressured him into pleading guilty by promising to have the judge reduce whatever sentence Crawford received. As evidence, Crawford attached a copy of a letter from his attorney promising to file a motion pursuant to Fed.R.Crim.P. 35 requesting the sentencing court to reduce Crawford's sentence. We normally do not consider issues raised for the first time in a reply brief. See United States v. Bohn, No. 91-3011, slip op. at 1211 (9th Cir. Feb. 6, 1992). We observe, however, that Crawford's attorney only promised to file a Rule 35 motion and did not promise that the district court would reduce the sentence. The attorney subsequently filed the Rule 35 motion, which the district court rejected. Crawford's allegations do not form the basis for a challenge to the voluntariness of his guilty plea