962 F.2d 15
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Carlos Fernando Padilla, Defendant-Appellant.
 No. 91-50344.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 8, 1992.*
Decided May 11, 1992.
 
 Before HUG, O'SCANNLAIN and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 Carlos Fernando Padilla appeals from his sentence, following entry of guilty pleas, for bank robbery and use of a dangerous weapon in violation of 18 U.S.C. §§ 2113(a) and (d). Padilla contends that the district court erred by failing to recognize its discretion to depart below the range established by the United States Sentencing Guidelines for career offenders. We lack jurisdiction to review the district court's discretionary decision and dismiss the appeal.
 
 
 3
 We review de novo the district court's interpretation and application of the Sentencing Guidelines. United States v. Carvajal, 905 F.2d 1292, 1294 (9th Cir.1990). Nonetheless, a district court's discretionary decision not to depart downward from the applicable Guidelines range is not reviewable on appeal. United States v. Zweber, 913 F.2d 705, 707-08 (9th Cir.1990) (no jurisdiction "as long as the [district] court in fact exercised its discretion"). Where the district court has properly exercised its discretion to depart downward, the defendant may not challenge the extent of the departure and we lack jurisdiction to review such a challenge. United States v. Vizcarra-Angulo, 904 F.2d 22, 23 (9th Cir.1990).
 
 
 4
 Here, Padilla raised three challenges in his objections to the presentence report. First, he asked that the district court decline to sentence him as a career offender despite the fact that he technically met the criteria for career offender status. Alternatively, he requested that the district court depart downward from the applicable sentencing range because the career offender status overrepresented his criminal history. Finally, he argued for a downward departure based on an act of heroism unrelated to his crimes. Following a continuance for supplemental briefing on the latter ground for departure, the district court granted a downward departure of 42 months from the applicable range and sentenced Padilla to 168 months incarceration.
 
 
 5
 Padilla contends that the district court misunderstood its discretion to depart further due to an "overrepresentative" criminal history category. Nevertheless, the record of the sentencing hearings reveals no mistake. The district court correctly stated that it lacked discretion to ignore the career offender provisions in calculating the applicable range. SeeU.S.S.G. § 4B1.1; see also United States v. Selfa, 918 F.2d 749, 752 (9th Cir.), cert. denied, 111 S.Ct. 521 (1990). It exercised its discretion to decline to depart downward based on an overrepresented criminal history, noting that Padilla had "a lot of priors" (RT 5/30/91 at 12). The district court also exercised its discretion to depart downward based on the act of heroism, and we lack jurisdiction to review its determination of the proper extent of departure. See Vizcarra-Angulo, 904 F.2d at 23.
 
 
 6
 DISMISSED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 Honorable Alex Kozinski, Circuit Judge, United States Court of Appeals for the Ninth Circuit, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3