981 F.2d 1261
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Charles Earl WELLS, Defendant-Appellant.
 No. 91-50567.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 8, 1992.*
Decided Dec. 17, 1992.
 
 Before: ALDISERT,** CANBY and DAVID R. THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 OVERVIEW
 
 2
 Charles Earl Wells appeals his sentence, imposed under the United States Sentencing Guidelines ("Guidelines") following his conviction on a guilty plea, for conspiracy to distribute more than one kilogram of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 846. Wells claims, first, that the government breached the plea agreement by undercutting its recommendation to sentence him to 108 months in custody and, second, that the district court erred when it considered evidence that he lied to the grand jury, and on that basis declined to depart downward to the extent the government recommended. We have jurisdiction under 28 U.S.C. § 1291. We affirm in part and dismiss in part.
 
 
 3
 A district court's factual findings as to the terms of a plea agreement are reviewed for clear error. United States v. Helmandollar, 852 F.2d 498, 501 (9th Cir.1988). Whether a plea agreement has been breached, however, is a question of law which we review de novo. United States v. Fisch, 863 F.2d 690 (9th Cir.1988). In deciding whether an agreement has been breached, a district court looks to what the defendant reasonably understood when he entered his plea of guilty. Id.; see also United States v. Travis, 735 F.2d 1129, 1132 (9th Cir.1984). A defendant's rights are adequately preserved if he is told that the government's recommendations pursuant to a plea agreement do not bind the sentencing court. See United States v. Johnson, 8266 F.2d 913, 914 (9th Cir.1987). Whether or not there is a plea agreement, a sentencing judge has the right to expect the prosecutor to tell him any facts relevant to sentencing. See United States v. Hogan, 862 F.2d 386, 388-89 (1st Cir.1988). We are without jurisdiction to review the extent of a district court's discretionary departure below the Guidelines' sentencing range. United States v. Vizcarra-Angulo, 904 F.2d 22, 23 (9th Cir.1990).
 
 
 4
 Following his arrest, Wells agreed to assist the government in investigating other methamphetamine dealers. After two fruitful interviews, the government and Wells signed a plea agreement in which the government recognized that Wells had provided substantial assistance and agreed to recommend a downward departure to no more than 108 months from a Guidelines range of 188 to 235 months. The agreement further provided, "The Court has the discretion to reject a departure motion and the United States Attorney's recommendation at the time of sentencing."
 
 
 5
 At sentencing, the prosecutor recommended the downward departure as agreed, but also informed the district court that Wells's recent testimony before the grand jury had been so ambiguous that the grand jury had redacted the counts in the indictment the testimony was meant to support. On the basis of this report, the court continued Wells's sentencing and permitted him to file a response. In his response, Wells contended he had not lied before the grand jury and sought a reduction in his sentence to 48 months. The court found that Wells had lied to the grand jury and sentenced him to 114 months, six months more than the government had recommended, but well below the applicable Guidelines range of 188 to 235 months.
 
 
 6
 Wells claims the government breached the plea agreement by injecting into the sentencing hearing information about his performance before the grand jury. He contends the reliability of his grand jury testimony was irrelevant to the government's section 5K1.1 motion, and in any event his testimony was not false.
 
 
 7
 The district court concluded that the government had not breached the plea agreement by informing the court of Wells's grand jury performance. We agree. The government was required by the plea agreement to inform the court of "the nature and extent of defendant's cooperation" and "any other information relevant to sentencing." When it did so, it complied with the plea agreement--it did not breach it.
 
 
 8
 Wells's reliance upon United States v. Grandinetti, 564 F.2d 723 (5th Cir.1977), is misplaced. There, the government effectively argued against the sentence recommended. Id. at 727. That did not occur in this case. Here, the government recommended the departure and sentence it had promised to recommend. It would have been improper for the government to withhold from the district court information which the court might consider relevant to sentencing. See Hogan, 862 F.2d at 388-89.
 
 
 9
 The question whether Wells's testimony before the grand jury was relevant is one of interpretation of the Guidelines and is reviewed de novo. United States v. Blaize, 959 F.2d 850, 851 (9th Cir.), cert. denied, 112 S.Ct. 2954 (1992).
 
 
 10
 Discretion to depart downward from the Guidelines for substantial assistance to authorities is provided in section 5K1.1:
 
 
 11
 Upon motion of the government ... the court may depart from the sentencing guidelines.
 
 
 12
 (a) The appropriate reduction shall be determined by the court for reasons stated that may include, but are not limited to, consideration of the following:
 
 
 13
 (1) The court's evaluation of the significance and usefulness of defendant's assistance, taking into consideration the government's evaluation of the assistance rendered;
 
 
 14
 (2) The truthfulness, completeness, and reliability of any information or testimony provided by the defendant;
 
 
 15
 (3) The nature and extent of the defendant's assistance.
 
 
 16
 U.S.S.G. § 5K1.1 (emphasis added).
 
 
 17
 Application Notes Commentary to section 5K1.1 provides: "(3) Substantial weight should be given to the government's evaluation of the extent of the defendant's assistance." And, "the nature, extent, and significance of assistance can involve a broad spectrum of conduct that must be evaluated by the court on an individual basis."
 
 
 18
 Wells's testimony before the grand jury falls well within the spectrum of conduct to be evaluated by the district court at the time of sentencing. We reject Wells's contention that such testimony was irrelevant to the sentencing determination.
 
 
 19
 Nor is the district court's finding that Wells lied to the grand jury clearly erroneous. See United States v. Chapnick, 963 F.2d 224, 226 (9th Cir.1992) (factual findings reviewed for clear error). The district court reviewed Wells's grand jury testimony and found numerous, significant inconsistencies. Those inconsistencies provided sufficient evidence for the district court to find that Wells had lied.
 
 
 20
 The district court also did not err in refusing to require production of the transcript of the colloquy between the Assistant United States Attorney and the grand jurors, which occurred when Wells was not present. Wells's request for the transcript was untimely, and the district court was fully able to evaluate Wells's testimony from the transcripts of that testimony.
 
 
 21
 Because the government properly reported Wells's performance before the grand jury to the district court at the time of sentencing, and because the district court properly considered Wells's grand jury testimony in departing downward 74 months instead of the 80-month downward departure recommended by the government, Wells's argument is reduced to the contention that the district court did not depart downward far enough. We have no jurisdiction to consider this contention. See Vizcarra-Angulo, 904 F.2d at 23.
 
 
 22
 AFFIRMED in part and DISMISSED in part.
 
 
 
 *
 The panel unanimously finds this case suitable for disposition without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 Hon. Ruggero J. Aldisert, United States Circuit Judge for the Third Circuit, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3