8 F.3d 32
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Arnoldo QUIHUIS-PEREZ, Defendant-Appellant.
 No. 93-10111.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 30, 1993.*
Decided Oct. 5, 1993.
 
 Before: CHOY, GOODWIN and SKOPIL, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Appellant Arnoldo Quihuis-Perez pled guilty to conspiring to distribute marijuana and was sentenced to 45 months imprisonment. He appeals from this sentence, arguing that the district court erroneously believed that a downward departure for aberrant behavior was not available. We dismiss for lack of jurisdiction.
 
 
 3
 The plea agreement provided for a maximum sentence of 45 months. Although the sentencing guideline range was calculated to be 63 to 78 months, the district court made a downward departure to 45 months in recognition of the appellant's cooperation with the government and in accordance with the plea agreement. The appellant requested a further downward departure on the ground that his conduct constituted aberrant behavior. The district judge rejected this request because he found that the appellant was substantially involved in a month-long conspiracy to distribute large quantities of marijuana.
 
 
 4
 This court does not have jurisdiction to review a district court's discretionary decision to reject a request for a downward departure. United States v. Morales, 898 F.2d 99, 103 (9th Cir.1990). Similarly, we also do not have jurisdiction to review the degree of the court's downward departure. United States v. Vizcarra-Angulo, 904 F.2d 22, 23 (9th Cir.1990). The appellant argues that the sentence here is reviewable because the district judge erroneously believed that further downward departure was precluded by the appellant's participation in more than one act of aberrant behavior. However, the record does not support this allegation. There is no indication that the district judge believed that he lacked the authority to depart, or that the judge's decision was anything but discretionary. See United States v. Sanchez, 914 F.2d 1355, 1363 (9th Cir.1990), cert. denied, 111 S.Ct. 1626 (1991). We therefore conclude that we lack jurisdiction over this appeal.
 
 
 5
 DISMISSED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3