8 F.3d 33
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Terrell THOMPSON, Defendant-Appellant.
 No. 92-10407.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 20, 1993.*
Decided Oct. 18, 1993.
 
 Before: FLETCHER, POOLE, and O'SCANLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Terrell Thompson appeals his 151-month sentence imposed under the United States Sentencing Guidelines following his conviction by guilty plea for possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1). Thompson contends that although the district court departed downward from the applicable Guidelines range, it would have granted a greater departure had it not erroneously believed that it had no authority to depart further based on a combination of factors. We dismiss the appeal for lack of jurisdiction.
 
 
 3
 "Although a district court's decision to depart normally is not reviewable, we will review de novo a district court's legal determination that the Guidelines prevent departure if the court indicates it would otherwise have departed." United States v. Belden, 957 F.2d 671, 676 (9th Cir.) (citation omitted), cert. denied, 113 S.Ct. 234 (1992). We have no jurisdiction to review a defendant's challenge to the extent of a downward departure. United States v. Vizcarra-Angulo, 904 F.2d 22, 23 (9th Cir.1990).
 
 
 4
 In this case, the district judge lowered Thompson's criminal history category from III to I, pursuant to U.S.S.G. § 4A1.3, based on his determination that the criminal history computation significantly overrepresented the seriousness of Thompson's past conduct. In addition, he departed downward based on Thompson's minor participation and the unavailability of a downward adjustment pursuant to § 3B1.2 because Thompson was the sole participant in the crime charged.
 
 
 5
 The record in this case leaves no doubt that the district judge, who believed that the statutory mandatory minimum ten-year sentence he was required to impose is excessive, carefully considered every ground for departure presented to him. In sentencing Thompson's codefendant, Lloyd Baker, he departed down to the mandatory minimum 120-month sentence on the ground that Baker's participation in the drug trafficking offense was a single act of aberrant behavior. In Thompson's case, too, the judge considered significant "the complete lack of evidence of prior involvement with drugs," as one of several factors pointing to Thompson's "marginal culpability." Nothing in the record indicates that the district judge believed that he could not depart for multiple reasons, and, in fact, in Thompson's case he departed on two distinct bases. Accordingly, the district judge's decision to depart on certain bases rather than others is a discretionary decision not subject to our review.[1] See Belden, 957 F.2d at 676.
 
 
 6
 Thompson also contends that the district judge mistakenly believed that he could depart no more than the equivalent of two levels, by analogy to the two-level adjustment for minor participation permitted under U.S.S.G. § 3B1.2. The record does not support this claim and we lack jurisdiction to review the extent of the downward departure that was granted. Vizcarra-Angulo, 904 F.2d at 23. We note, however, that the judge did not depart down to the minimum mandatory sentence in Thompson's case because Thompson, unlike his codefendant, had received an upward adjustment for reckless endangerment during flight.
 
 
 7
 DISMISSED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Thompson contends that the district court failed to consider youthful lack of guidance as a ground for departure. We need not address this claim because Thompson did not request a departure on this ground