8 F.3d 32
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Daniel Moses LONGORIA, Jr., Defendant-Appellant.
 Nos. 93-30085, 93-30086.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 6, 1993.*
Decided Oct. 20, 1993.
 
 Before: BEEZER, KOZINSKI and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 In these consolidated appeals, Daniel Longoria, Jr., appeals from his 121-month sentence for conspiracy and possession with intent to distribute heroin and cocaine in violation of 21 U.S.C. §§ 841(a), 846. We dismiss the appeals.
 
 
 3
 We lack jurisdiction to review a defendant's appeal from a sentence that falls below the applicable Guidelines range. United States v. Vizcarra-Angulo, 904 F.2d 22, 23 (9th Cir.1990).
 
 
 4
 Here, following Longoria's entry of a guilty plea, the district court originally imposed a 188-month sentence, which was at the low end of the applicable Guidelines range. In return for Longoria's substantial assistance, the government filed a Fed.R.Crim.P. 35(b) motion for reduction of sentence. The district granted a 4-level reduction and imposed a 121-month sentence.
 
 
 5
 Longoria contends the district court erred by refusing to hold an evidentiary hearing on the Rule 35 motion because (1) the government breached promises to him and (2) the court rejected the government's sentencing recommendation without making any factual findings.
 
 
 6
 Because Longoria's 121-month sentence fell below the applicable Guidelines range, we lack the authority to review his claims stemming from his dissatisfaction with the extent of the downward departure.[1] See Vizcarra-Angulo, 904 F.2d at 22.
 
 
 7
 DISMISSED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 To the extent Longoria argues that he was entitled to an evidentiary hearing because the government's alleged breach of promises resulted in the imposition of an unlawful sentence, we note that 1991 version of Rule 35(a), applicable here, only allows the district court to correct a sentence following remand from this court