15 F.3d 1091
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Gavino DAMIAN-GALAN, Defendant-Appellant.
 No. 91-50569.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 20, 1993.*
Decided Jan. 6, 1994.
 
 Before: SNEED, NOONAN and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Gavino Damian-Galan (Damian-Galan) appeals from his sentence of imprisonment for 87 months after pleading guilty on December 18, 1990, to one count of possession of methamphetamine with intent to distribute. Damian-Galan contends that the district court erred by not finding that he was a minimal or a minor participant in the offense pursuant to section 3B1.2 of the United States Sentencing Guidelines (hereinafter "U.S.S.G."). Damian-Galan also contends that the district court erred by failing to make a specific finding as to the significance and usefulness of his assistance to the Government pursuant to U.S.S.G. Sec. 5K1.1. We affirm the sentence imposed by the district court because the court's finding that Damian-Galan was not a minor or minimal participant was not clearly erroneous and because the court had no duty to make a specific finding concerning the usefulness of Damian-Galan's assistance to the Government.
 
 I.
 FACTUAL AND PROCEDURAL BACKGROUND
 
 3
 In August 1990, a confidential informant told officials from the Drug Enforcement Agency ("DEA") that Samuel Obregon was involved in dealing large amounts of methamphetamine. On October 5, 1990, a DEA agent and a confidential informant arranged to purchase five pounds of methamphetamine from Obregon. Obregon arrived at noon at a restaurant in Carlsbad, California, with codefendants Jose Avila and Jose Gomez. While Obregon stayed at the restaurant with the informant, Avila and Gomez departed to retrieve the narcotics. DEA Agents followed Avila and Gomez and saw them pick up Damian-Galan and bring him to the restaurant. In the parking lot, Damian-Galan displayed a package of methamphetamine to Obregon and the informant. Damian-Galan, along with Avila, Gomez, and Obregon, were arrested by DEA Agents.
 
 
 4
 On October 17, 1990, Damian-Galan, Avila, Gomez, and Obregon were indicted for conspiracy to distribute methamphetamine in violation of 21 U.S.C. Sec. 846 and 21 U.S.C. Sec. 841(a)(1) (count 1), and possession of methamphetamine with intent to distribute it in violation of 21 U.S.C. Sec. 841(a)(1) and 18 U.S.C. Sec. 2 (count 2). On December 18, 1990, Damian-Galan pled guilty to count 2, possession with intent to distribute 929.7 grams of methamphetamine, pursuant to a plea agreement with the Government. The Government agreed to recommend a two-level sentencing reduction for acceptance of responsibility and a sentence at the low end of the Guideline range. The Government further agreed to recommend a downward departure based upon the extent of Damian-Galan's assistance. The probation officer's presentence report recommended a base offense level of 34 and imprisonment for 169 months, representing the middle of the Guideline range. The report did not recommend a downward departure for acceptance of responsibility because Damian-Galan denied any knowledge of the conspiracy or knowledge that the package he brought to the parking lot where the sale occurred contained narcotics.
 
 
 5
 At sentencing, the Government recommended a two-level departure for acceptance of responsibility and a one-level reduction for Damian-Galan's assistance. The Government further recommended that the court sentence Damian-Galan at the low end of the Guideline range. The district court gave the recommended two-level reduction for acceptance of responsibility and also gave a three-level reduction for assistance to the Government, although the court did not specifically calculate the value of that assistance. This resulted in a base level of 29. The court rejected Damian-Galan's argument that he should receive further reduction as a minimal or minor participant. The court sentenced Damian-Galan to 87 months--the low end of the Guideline range.
 
 II.
 
 6
 DAMIAN-GALAN WAS NOT ENTITLED TO A DOWNWARD ADJUSTMENT AS A
 
 MINIMAL OR MINOR PARTICIPANT IN THE OFFENSE
 
 7
 Damian-Galan contends that he was a minimal or minor participant in this crime and should receive a downward adjustment pursuant to section 3B1.2 of the Sentencing Guidelines. We review the district court's factual findings at sentencing for clear error. United States v. Chapnick, 963 F.2d 224, 226 (9th Cir.1992). Furthermore, the defendant has the burden of proving by a preponderance of the evidence the circumstances that would reduce his sentence. United States v. Howard, 894 F.2d 1085, 1090 (9th Cir.1990).
 
 
 8
 Damian-Galan contends that he asked a friend for a $500 loan to pay some bills and that rather than giving him the money, Damian-Galan's friend gave him a package to sell and said that he could make between $500 and $1,000 if he sold it. Damian-Galan alleges that he was unaware that the package contained narcotics. Damian-Galan further alleges that he thought Avila and Gomez were taking him to a restaurant to get something to drink and first realized that they were at the restaurant to conduct a drug deal when he heard Gomez negotiating with the confidential informant.
 
 
 9
 The district court commented at the sentencing hearing that Damian-Galan's explanation was "tremendously hard to believe." The court further stated that "I can't give you anything off for minor role because you're not really a minor player; if anything, everybody seems to think that you're the major player, and I don't want to add so I'm not going to subtract."
 
 
 10
 Damian-Galan failed to demonstrate to the court that he was either a minor or minimal participant. In light of the evidence in the record regarding Damian-Galan's involvement, the district court's finding that Damian-Galan was not entitled to a downward adjustment was not clearly erroneous. Furthermore, in response to Damian-Galan's contention that he is entitled to a downward adjustment because he is less culpable than his codefendants, we note that "simply because one participant's activity may be less culpable than one's co-participants does not require a finding of minor participant status." United States v. Peters, 962 F.2d 1410, 1415 n. 1. (9th Cir.1992).
 
 III.
 
 11
 THE DISTRICT COURT WAS NOT REQUIRED TO EVALUATE THE
 
 
 12
 SIGNIFICANCE OR USEFULNESS OF DAMIAN-GALAN'S ASSISTANCE
 
 
 13
 Damian-Galan contends that he was denied due process because the district court misapplied the Sentencing Guidelines and failed to specifically calculate the significance and usefulness of his assistance to the Government. We review the application of the Sentencing Guidelines de novo. United States v. Kohl, 972 F.2d 294, 297 (9th Cir.1992).
 
 
 14
 At the sentencing hearing, Damian-Galan challenged the Government's evaluation of the significance and usefulness of his assistance and requested a six-level downward departure. Based on the extent of Damian-Galan's assistance, the Government recommended a one-level downward departure. Damian-Galan did not claim that he provided the Government with useful information nor did he request an evidentiary hearing to demonstrate the value of the information he provided. Instead, defense counsel argued that Damian-Galan "doesn't have a lot of knowledge to give the Government" and should not receive a higher sentence than those who were heavily involved and were able to give more valuable assistance. The district court commented, "if I'm asked to reevaluate [the government's] evaluation, then I'm going to have to have some basis upon which to do that." Damian-Galan did not offer any evidence concerning the nature of his assistance and the Government's attorney merely offered the interviewing agents' evaluation that Damian-Galan's assistance was not useful and that no new arrests resulted from it.[1] The district court commented, "I'll try to come up with something equitable in the blind, because that's what I'm working with in, in the blind." The court stated that "you did attempt to cooperate, which is more than Avila [a codefendant] did and he got 78 months. So I'm going to give you a minus 3 points for the attempt at cooperation."[2]
 
 
 15
 Under the Sentencing Guidelines, the district court may award a downward departure for assisting the Government. U.S.S.G. Sec. 5K1.1. In doing so, the district court may consider various factors relating to the defendant's assistance, including those listed in section 5K.1.1.[3]
 
 
 16
 The court did not rely upon the extent of Damian-Galan's assistance to the Government in granting the three-level departure. Therefore, the court was not required to make a finding concerning the significance and usefulness of Damian-Galan's assistance. Damian-Galan further argues that the district court should have calculated the significance and usefulness of his assistance in this case because "the court recognized it could not determine to what extent appellant's assistance warranted a departure." This contention is without merit, because the reason the court could not make such a determination was because Damian-Galan failed to present evidence and sustain his burden of proof that a six-level departure was warranted. See United States v. Howard, 894 F.2d 1085, 1090 (9th Cir.1990).
 
 
 17
 In this case, the district court exercised its discretion and granted Damian-Galan a three-level sentencing departure because of the fact that he attempted to assist the Government. We lack jurisdiction to review the extent of this discretionary departure. United States v. Vizcarra-Angulo, 904 F.2d 22, 23 (9th Cir.1990).
 
 
 18
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Damian-Galan contends that the district court should have ordered the Government to provide the court with the actual information he supplied in order to determine the extent of his assistance. None of the cases cited by Damian-Galan support this argument
 
 
 [2]
 The Government could have argued that the court's statement indicated that it incorrectly sentenced Damian-Galan based on an attempt to minimize the disparity between his sentence and that of codefendant Avila. See United States v. Mejia, 953 F.2d 461, 468 (9th Cir.1991) (district court may not depart downward to avoid unequal treatment of codefendants), cert. denied, 112 S.Ct. 1983 (1992). The Government has waived any challenge it might have made, however, by failing to appeal this issue. United States v. Turner, 898 F.2d 705, 711 (9th Cir.), cert. denied, 495 U.S. 962 (1990)
 
 
 [3]
 Section 5K1.1 provides:
 (a) The appropriate reduction shall be determined by the court for reasons stated that may include, but are not limited to, consideration of the following:
 (1) the court's evaluation of the significance and usefulness of the defendant's assistance, taking into consideration the government's evaluation of the assistance rendered;
 (2) the truthfulness, completeness, and reliability of any information or testimony provided by the defendant;
 (3) the nature and extent of the defendant's assistance;
 (4) any injury suffered, or any danger or risk of injury to the defendant or his family resulting from his assistance;
 (5) the timeliness of the defendant's assistance.
 U.S.S.G. Sec. 5K.1(a).