28 F.3d 110
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Diana L. PEARSON, Defendant-Appellant.
 No. 94-30057.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 21, 1994.*
Decided July 7, 1994.
 
 Before: TANG, PREGERSON, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Diana L. Pearson appeals her sentence imposed following the district court's decision to grant the government's motion for downward departure made pursuant to Fed.R.Crim.P. 35. Pearson entered a guilty plea to making available premises for the manufacture of marijuana in violation of 21 U.S.C. Sec. 856. Pearson contends that in fashioning her new sentence, the district court improperly imposed upon her a term of home detention. We dismiss this appeal for lack of jurisdiction.
 
 
 3
 At sentencing on January 7, 1994, Pearson received a 30-month sentence of imprisonment, the bottom end of the applicable United States Sentencing Guidelines sentencing range. On February 8, 1994, following a government motion under Rule 35 for downward departure based upon Pearson's cooperation with authorities, the district court resentenced Pearson.
 
 
 4
 The district court sentenced Pearson to "time served," and then ordered her to serve two years on supervised release, the first six months of which was to be served in home confinement. Pearson argues that the district court's statement that it was sentencing her to "time served" was intended to mean that she had completed all her time under official detention. Therefore, she claims, imposition of the six months' home detention violated U.S.S.G. Sec. 5F1.2, which states that "[h]ome detention may be imposed as a condition of ... supervised release, but only as a substitute for imprisonment."
 
 
 5
 We disagree with Pearson's interpretation of the district court's February 4 judgment order. We read the order to mean that the district court departed downward from a sentence of 33 months imprisonment followed by 2 years' supervised release to a sentence of prison time already served, and concurrent terms of 6 months home detention and two years' supervised release in lieu of the unserved remaining prison and supervised release terms of her original sentence.
 
 
 6
 Pearson's argument essentially reduces to a challenge to the extent of the district court's downward departure. We have no jurisdiction to review such challenges and accordingly dismiss the instant appeal. United States v. Vizcarra-Angulo, 904 F.2d 22, 23 (1990).
 
 
 7
 DISMISSED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3