145 F.3d 1343
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Roger Ted SWEDLOW, Defendant-Appellant.
 No. 97-30164.
D.C. NO. CR-96-00231-ALH.
 United States Court of Appeals, Ninth Circuit.
 Submitted February 6, 1998.**
Decided May 7, 1998.
 
 Appeal from the United States District Court for the District of Oregon Ancer L. Haggerty, District Judge, Presiding.
 Before CHOY, SKOPIL, and FERGUSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Petitioner Swedlow appeals his sixty-three month sentence following his guilty plea to one count of armed bank robbery in violation of 18 U.S.C. § 2113(a). Swedlow contends that the district court abused its discretion by departing downward only one level for aberrant behavior and by failing to make findings regarding the extent of the departure. Swedlow also contends that the district court erred by imposing a two level enhancement for physical restraint of a victim. These arguments, however, lack merit. For the reasons stated below, we affirm the district court's sentencing decision.
 
 DISCUSSION
 I. Downward Departure
 
 3
 A defendant may not challenge on appeal the extent of a downward departure from the Sentencing Guidelines. United States v. Eureka Lab., Inc., 103 F.3d 908, 912 (9th Cir.1996); United States v. Riggins, 40 F.3d 1055, 1058 (9th Cir.1994); United States v. Vizcarra-Angulo, 904 F.2d 22, 23 (9th Cir.1990). Because we lack jurisdiction to do so, we will not review the extent of the district court's downward departure from the Sentencing Guidelines in this case.
 
 
 4
 Further, Swedlow argues that the district court committed legal error by failing to make findings regarding its decision to depart downward one level. See Federal Rule of Criminal Procedure 32(c)(1). However, FRCP 32 has no bearing here because we do not have jurisdiction to review the substance of the district court's decision, regardless of any absence or brevity of findings.
 
 II. Physical Restraint
 
 5
 This Court reviews de novo the district court's interpretation of the Guidelines, and its factual determinations for clear error. United States v. Foppe, 993 F.2d 1444, 1452 (9th Cir.1993); United States v. Sanchez, 967 F.2d 1383, 1384 (9th Cir.1992).
 
 
 6
 At sentencing, the district court adjusted Swedlow's sentence upward because he physically restrained a person to facilitate commission of the bank robbery. The Guidelines provide for a two level upward adjustment "if any person was physically restrained to facilitate commission of the offense or to facilitate escape." See U.S.S.G. § 2B3.1(b)(4)(B). Physical restraint means "the forcible restraint of the victim such as by being tied, bound or locked up." U.S.S.G. § 1B1.1, comment. (n. 1(i)). "The use of the phrase 'such as' makes it clear that 'being tied, bound, or locked up' are merely illustrative examples of physical restraint." Foppe, 993 F.2d at 1452.
 
 
 7
 This Court has held that "[w]hen a dangerous weapon is used to force a person to move about, that person has been physically restrained." United States v. Thompson, 109 F.3d 639, 641 (9th Cir.1997). In this case, Swedlow told a victim to remain in the bank and physically escorted her from the exit to a place within the bank by placing his hand on her elbow. Swedlow admits to displaying a gun during the course of the robbery, although the record is unclear as to whether he ever pointed the gun at this victim. It is clear, however, that Swedlow intended to restrain the victim from leaving the bank, and he did so by physically escorting her while he was armed. Therefore, the district court did not err in adjusting the offense level upward by two levels for physical restraint.
 
 CONCLUSION
 
 8
 Accordingly, this Court lacks jurisdiction to entertain Swedlow's appeal regarding the extent of the downward departure awarded by the district court. The district court did not err by imposing a two level enhancement for physical restraint of a victim.
 
 
 9
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as provided by 9th Cir.R. 36-3