UNITED STATES of America, Plaintiff–Appellee,

v.

Kwang Hui STELMACHUCK, Defendant–Appellant.

No. 97–10258.

D.C. No. CR–96–01179–HG.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 12, 2001.[1]

Decided Feb. 21, 2001.

---

1. The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before LEAVY, THOMAS, and RAWLINSON, Circuit Judges.

### MEMORANDUM [2]

Kwang Hui Stelmachuck appeals the sentence imposed following her guilty plea conviction to conspiracy to possess with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 846, and 18 U.S.C. § 2. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we dismiss the appeal.

Stelmachuck argues that her sentence should be vacated because the government's sentencing recommendation breached the written plea agreement. Whether the government violated the terms of a plea agreement is reviewed de novo. *United States v. Schuman,* 127 F.3d 815, 817 (9th Cir.1997) (per curiam). But whether the facts demonstrate that there was a breach of a plea agreement is reviewed for clear error. *United States v.*

*Salemo,* 81 F.3d 1453, 1460 (9th Cir.1996). While, these two standards of review appear inconsistent, *see United States v. Johnson,* 187 F.3d 1129, 1134 (9th Cir. 1999), under either standard, the government did not breach the plea agreement.

The record here shows the government moved the district court to depart downward from the Sentencing Guidelines based on Stelmachuck's substantial assistance and that the plea agreement did not require the government to take any further action. Because we find there was no breach of the plea agreement, we enforce the appeal waiver provision contained therein, *see United States v. Navarro–Botello,* 912 F.2d 318, 319 (9th Cir.1990) (enforcing the knowing and voluntary waiver of the statutory right to appeal), and do not reach the merits of this contention.

Stelmachuck also raises what is essentially a challenge to the extent of the district court's discretionary downward departure based on her acceptance of responsibility. Stelmachuck's waiver of the right to appeal her sentence notwithstanding, it is well-established in this circuit that the extent of a district court's discretionary downward departure is unreviewable on appeal. *United States v. Vizcarra–Angulo,* 904 F.2d 22, 23 (9th Cir.1990) (stating the extent of downward departure is not reviewable on appeal). Accordingly, we lack jurisdiction to review the district court's decision. *See Vizcarra–Angulo,* 904 F.2d at 23.

DISMISSED.

---

**2.** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.