UNITED STATES of America, Plaintiff–Appellee,

v.

Steven Lee SMITH, Defendant–Appellant.

No. 98–10271.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 13, 1999.

Filed May 4, 1999.

Fred Hill Atcheson, Reno, Nevada, for the defendant-appellant.

Daniel G. Bogden, Assistant United States Attorney, Reno, Nevada, for the plaintiff-appellee.

Before: GOODWIN and TROTT, Circuit Judges, and KING, District Judge.[1]

TROTT, Circuit Judge:

Steven Lee Smith ("Smith") appeals from the sentence imposed on his plea of guilty to a charge of manufacturing marijuana in violation of 21 U.S.C. § 841(a)(1) & (b)(1)(B)(vii) (1994 & Supp. IV 1998). The district court held Smith was not eligible for safety valve consideration under United States Sentencing Commission, *Guidelines Manual*, § 5C1.2 (Nov. 1997) ("U.S.S.G."), and sentenced Smith to the statutory minimum 60–month term. We have jurisdiction under 28 U.S.C. § 1291 (1994), and we affirm.

### I

Smith maintained a marijuana garden with 116 plants in the mountains of Nevada. After hikers reported the garden to police, agents from the Bureau of Land Management began electronic surveillance of the garden. Agents were in the garden inspecting the surveillance equipment when Smith arrived with a backpack. He laid the backpack in the path and surreptitiously approached the garden, where he was sighted and arrested.

Smith's backpack contained a "fully loaded .22 caliber Ruger MK3 semi-automatic pistol, with laser guided sites and 11 rounds of ammunition." Although Smith has maintained throughout the proceedings the gun was used to shoot snakes, the district court found as a factual matter: "[T]he nature of the gun was more in the form of a potential weapon than it was … a sporting type of gun." The district court then found it was not clearly improbable the gun was connected to the offense.

Smith pleaded guilty to manufacturing marijuana in violation of 21 U.S.C. § 841(a)(1). Under the plea agreement, Smith and the Government retained their rights to contest the applicability of the safety-valve provision of U.S.S.G. § 5C1.2 to Smith's sentence. The pre-sentence report recommended against applying the safety valve because of the gun found in Smith's backpack.

### II

We review the district court's interpretation of the sentencing guidelines de novo. *United States v. Lopez–Sandoval*, 146 F.3d 712, 714 (9th Cir.1998). Factual findings are reviewed for clear error. *Id.*

### III

Smith is entitled to a guideline sentence in lieu of the mandatory minimum sentence for a conviction under 21 U.S.C. § 841(a)(1) if he meets five criteria: (1) he does not have more than one criminal history point; (2) he did not use violence or credible threats of violence and did not possess a firearm "in connection with the offense"; (3) the offense did not result in death or serious bodily injury to any person; (4) he was not an organizer, leader, manager, or supervisor of others in the offense; and (5) not later than the time of the sentencing hearing, he truthfully provided the Government all information and evidence he has concerning the offense. U.S.S.G. § 5C1.2 (implementing 18 U.S.C. § 3553(f) (Supp. I 1995)).

1. The Honorable Samuel P. King, Senior United States District Judge for the District of Hawaii, sitting by designation.

No dispute exists as to Smith's qualification for the safety valve under factors one, three, four, and five. Smith contends the district court erred in holding he did not meet the second factor due to the gun in his backpack.

In *Lopez–Sandoval,* we held the § 2D1.1(b)(1) enhancement for possessing a firearm applies unless "it is 'clearly improbable that the weapon was connected with the offense.'" 146 F.3d at 714 (quoting U.S.S.G. § 2D1.1 cmt. 3). Smith does not contest the applicability of the enhancement. Section 5C1.2(2) incorporates the same "connected with" phraseology as the commentary to § 2D1.1, and every circuit to consider the issue has held that conduct which warrants an increase in sentence under § 2D1.1(b)(1) necessarily defeats application of the safety valve.[2] *United States v. Vasquez,* 161 F.3d 909, 911–12 (5th Cir.1998) (equating the safety valve with the enhancement); *United States v. Hallum,* 103 F.3d 87, 89 (10th Cir.1996) (affirming the district court's use of the commentary to § 2D1.1 when interpreting § 5C1.2); · *cf. United States v. Burke,* 91 F.3d 1052, 1053 (8th Cir.1996) (equating "in connection with" for enhancement purposes under U.S.S.G. § 2K2.1(b)(5) with the phrase as used in the § 5C1.2 safety valve provision). We now align ourselves with these circuits. Because we see no reason to disturb the district court's finding that it was not "clearly improbable that the weapon was connected with the offense," Smith is not eligible for safety-valve relief.

Accordingly, we **AFFIRM** the sentence imposed by the district court.

---

**2.** Smith points us to *In re Sealed Case,* 105 F.3d 1460, 1463 (D.C.Cir.1997), where the court held a co-conspirator's possession of a gun could warrant imposition of the § 2D1.1(b)(1) enhancement although it could not defeat application of the § 5C1.2 safety valve. However, we read *In re Sealed Case* as limited to the co-conspirator context. *See United States v. Plunkett,* 125 F.3d 873, 876 & n. 6 (D.C.Cir.1997) (holding the district court did not plainly err in refusing the safety valve because it had applied the upward adjustment).