1. The panel unanimously finds this case suitable for decision without oral argument.

## VI

In sum, we reverse the district court's grant of summary judgment on White's claims of religious discrimination under Title VII of the Civil Rights Act of 1964 and the Idaho Human Rights Act. In all other respects, we affirm the judgment of the district court. Each party shall bear its own costs on appeal.

AFFIRMED IN PART, REVERSED IN PART AND REMANDED.

**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Elizabeth PEREZ, Defendant–Appellant.**

No. 99–50510.
D.C. No. CR–98–03059–JM.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 12, 2001.[1]

Decided March 27, 2001.

Fed. R.App. P. 34(a)(2).

Before TROTT, THOMAS, and BERZON, Circuit Judges.

### MEMORANDUM [2]

#### OVERVIEW

Appellant Elizabeth Perez pleaded guilty pursuant to a plea agreement to Possession of Cocaine with the Intent to Distribute, in violation of 21 U.S.C. § 841(a)(1). As the parties are familiar with the underlying facts, they are set forth herein only as necessary to explain our decision. We have jurisdiction under 28 U.S.C. § 1291, and AFFIRM the district court.

#### DISCUSSION

A. The District Court's Finding that Perez Was Ineligible for a Safety Valve Adjustment Was Not Clearly Erroneous

Perez argues that she is entitled to a safety valve adjustment under USSG

---

**2.** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

§ 5C1.2 because she truthfully provided important information to the government. The district court rejected this claim, finding that Perez failed to provide "truthful, complete information possessed by her in relation to [her] course of conduct."

We review the district court's interpretation and application of the Sentencing Guidelines *de novo.* *United States v. Oliver,* 60 F.3d 547, 554 (9th Cir.1995). "We review for clear error the district court's factual determination that a particular defendant is eligible for relief under section 5C1.2." *United States v. Real–Hernandez,* 90 F.3d 356, 360 (9th Cir.1996).

Under USSG § 2D1.1(b)(6), Perez is entitled to a reduction below the statutory minimum if she meets the five "safety valve" criteria set forth in USSG § 5C1.2. Only one of these factors is at issue here. The disputed factor requires Perez, not later than the time of the sentencing hearing, to truthfully provide the government all information and evidence she has concerning the offense. *See United States v. Smith,* 175 F.3d 1147, 1148 (9th Cir.1999). Perez failed to fulfill this requirement.

The district court relied upon considerable evidence in finding Perez's representations to be false and incomplete. The evidence adduced at the grand jury proceedings showed that Jose Luis visited Perez at her parents' home in the United States the night before her arrest and gave her $1700 at that time. This evidence contradicted Perez's statements to the government that Luis did not visit her until the morning of her arrest and that she received the $1700 after crossing into Mexico. Furthermore, the grand jury proceedings revealed that Perez had informed her sister that Luis gave her the $1700 in exchange for a *previous* delivery of drugs, which conflicted with Perez's statement to the government that she was a first-time courier.

Moreover, the district court found Perez's position that she had no long-standing affiliation with Luis to lack credibility. The district court based this conclusion on: (1) the unusually large amount of drugs with which Perez had been entrusted; and (2) the purported willingness of Luis to pay Perez before she completed the transaction, which the government showed to be highly uncommon in these types of transactions.

Perez challenges the district court's conclusion on the ground that it fails to account for the existence of the guide car. The presence of another vehicle to monitor her movements, Perez argues, demonstrates that she was not a trusted long-time courier as suggested by the district court. While this fact is certainly relevant, it fails to render the district court's conclusion clearly erroneous.

To be clearly erroneous, the district court's determination must " 'strike us as wrong with the force of a five-week old, unrefrigerated dead fish.' " *Ocean Garden, Inc. v. Marktrade Co., Inc.,* 953 F.2d 500, 502 (9th Cir.1991) (quoting *Parts and Elec. Motors, Inc. v. Sterling Elec., Inc.,* 866 F.2d 228, 233 (7th Cir.1988)). We detect no such stench. Therefore, we cannot say that the district court's factual determinations were clearly erroneous.

B. We Do Not Have Jurisdiction to Review the District Court's Discretionary Decision Not to Grant a Downward Departure for Aberrant Conduct

Perez contends that the district court erred in not awarding her a downward departure for aberrant behavior. We lack jurisdiction to review a district court's discretionary decision, such as the one here, to deny a downward departure. *United States v. Wetchie,* 207 F.3d 632,

636 (9th Cir.2000); *United States v. Staufer*, 38 F.3d 1103, 1108 (9th Cir.1994).

■ Because the district court expressly exercised its discretionary authority in concluding that Perez was ineligible for a downward departure for aberrant behavior, we lack jurisdiction to review it.

AFFIRMED

[***] This disposition is not appropriate for publication and may not be cited to or by the