**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Charles Erik DORSEY, Defendant–**
**Appellant.**

United States of America,
Plaintiff–Appellee,

v.

Gerald Fitzgerald Hunter,
Defendant–Appellant.

United States of America,
Plaintiff–Appellee,

v.

Victor Machado, aka Junior,
Defendant–Appellant.

Nos. 00–50036, 00–50038, 00–50052.
D.C. Nos. CR–97–00270–WMB–02,
CR–97–00270–WMB–01, CR–
97–00270–WMB–06.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 8, 2001.

Decided Aug. 2, 2001.

D.W. Nelson, Circuit Judge, concurred in part and dissented in part, and filed opinion.

Before D.W. NELSON, FERNANDEZ, and RYMER, Circuit Judges.

## MEMORANDUM *

Gerald Fitzgerald Hunter appeals his conviction for conspiracy with intent to

* This disposition is not appropriate for publication and may not be cited to or by the courts

distribute cocaine. 21 U.S.C. §§ 846, 841(a)(1). Victor Machado appeals both his conviction and his sentence arising out of the same conspiracy. Charles Erik Dorsey appeals his sentence only. We affirm.

(1) Hunter and Machado both assert that evidence obtained from a wiretap of a certain telephone should have been suppressed because the affidavit in support of it omitted information and was insufficient. We disagree. While the affidavit may not have been perfect, after carefully hearing and considering the evidence, the district court found that the drug enforcement agent's explanation as to a major piece of allegedly omitted information was credible and that false representations were not made about it. The district court did not find to the contrary as to any other information. Also, it determined that any omissions were not material to the issues of the wiretap order, and that if any of that immaterial, omitted information had been brought to the attention of the issuing judge, it would have made no difference (in other words, it could not have affected his decision). *See United States v. Commito,* 918 F.2d 95, 98–99 (9th Cir. 1990); *United States v. Echavarria–Olarte,* 904 F.2d 1391, 1396 (9th Cir.1990). Given the unique posture of the wiretap in this case, its actual purposes, and the surrounding circumstances, we are unable to say that the district court erred in upholding the tapping of the telephone for conversations of Hunter and a number of other known and partially known persons. *See United States v. Carneiro,* 861 F.2d 1171, 1176 (9th Cir.1988).

■ (2) Machado asserts that changes in the telephone number and the Electronic Serial Number required the suppression of evidence obtained by the wiretap. Our review of the record does not confirm his claim that there was a change of the ESN number at the relevant time. At any rate, the mere fact of a change does not invalidate a wiretap.[2] *See United States v. Duran,* 189 F.3d 1071, 1085–86 (9th Cir.1999), *cert. denied,* 529 U.S. 1081, 120 S.Ct. 1706, 146 L.Ed.2d 509 (2000).

■ (3) Machado complains that he did not have an interpreter at his sentencing hearing, but the issue was not brought to the attention of the district court and the record does not show that Machado suffered from any lack of comprehension or ability to communicate. *See United States v. Mayans,* 17 F.3d 1174, 1179 (9th Cir. 1994); *United States v. Lim,* 794 F.2d 469, 471 (9th Cir.1986). There was no plain error. *See Gonzalez v. United States,* 33 F.3d 1047, 1051 (9th Cir.1994); *United States v. Yee Soon Shin,* 953 F.2d 559, 561 (9th Cir.1992).

(4) Machado argues that the district court erred when it failed to give him a minor participant sentence adjustment. *See* USSG § 3B1.2(b). On this record, the district court did not clearly err. *See United States v. Torres–Rodriguez,* 930 F.2d 1375, 1389 (9th Cir.1991), *overruled on other grounds by United States v. Hernandez,* 80 F.3d 1253, 1257 (9th Cir.1996); *see also United States v. Gillock,* 886 F.2d 220, 222 (9th Cir.1989). We may not review his claim that the extent of the downward departure under USSG § 5K1.1 was insufficient. *See United States v. Vizcarra–Angulo,* 904 F.2d 22, 23 (9th Cir.1990). Machado waived his argument that the government failed to follow the terms of the plea agreement when he failed to raise that argument at the district court. *See United States v. Robertson,* 52 F.3d 789, 791–92 (9th Cir.1995). At any rate, the argument is not persuasive.

---

of this circuit except as provided by Ninth Circuit Rule 36–3.

**2.** We also see no merit in the claim that the government violated discovery orders.

■ (5) Dorsey claims that when the district court failed to give him an upward adjustment pursuant to USSG § 2D1.1(b)(1), he automatically met the weapon criterion in USSG §§ 2D1.1(b)(6), 5C1.2(2). He cites no authority for that proposition,[3] and the conclusion is not apodictic. The facts of this case well illustrate that. Moreover, the burden of persuasion was upon Dorsey, and he neither argued for that relief nor presented facts that would support it. *See United States v. Howard,* 894 F.2d 1085, 1089 (9th Cir. 1990).

AFFIRMED.

D.W. NELSON, J., concurring in part and dissenting in part.

I concur in the majority's disposition of the issues involving Dorsey and Machado's sentences, the Electronic Serial Number, and the lack of an interpreter at Machado's sentencing hearing. I disagree with the majority, however, on whether the wiretap evidence should have been suppressed.

If a wiretap application is incomplete or contains incorrect information, "the reviewing court must determine the true facts and rely on the credible evidence produced at the suppression hearing to determine whether a reasonable district court judge could have denied the application because necessity for the wiretap had not been shown." *United States v. Carneiro,* 861 F.2d 1171, 1176 (9th Cir.1988) (citations and quotation marks omitted). The present case involves omissions and misstatements in the affidavit supporting the wiretap application, and the suppression hearing testimony by DEA Special Agent Wiles at times strains credulity. This disturbing conduct seems to erase the district court's role as an independent check on the use of electronic surveillance by law enforcement.

The key inquiry for this court is whether a reasonable district court judge could have found that the necessity requirement was not met had the wiretap application been complete. Although the affidavit in support of the wiretap application stated that the identity of "Gerald LNU" was unknown, that physical surveillance was ineffective, and that witnesses were nonexistent, the record shows that Special Agent Wiles knew otherwise at the time that he signed the affidavit. A report written by Wiles on the day he applied for a wiretap shows that the DEA knew that the Target Telephone's registered owner was closely linked to Gerald Hunter, that three witnesses to large-scale drug trafficking by Hunter existed, and that physical surveillance also established a strong connection between Hunter and the Target Telephone. When Judge Hupp specifically asked what progress Wiles's investigation had made with respect to Gerald LNU's identity, Wiles did not reveal any of this information.

Even if large-scale, multi-state drug conspiracies are notoriously difficult to investigate using conventional techniques, and even if the government's goals in cracking such conspiracies are laudably ambitious, Congress did not authorize wiretaps whenever the DEA includes boilerplate language about broad conspiracies and broad goals. In the present case, the supporting affidavit amounted to little more than boilerplate. This lack of detail is unsurprising, given that the DEA first monitored a telephone call involving the Target Telephone on December 26, 1996, and within three weeks, the agency had received authorization for the wiretap at issue in the

---

**3.** He does cite authority for the proposition that if you do get the upward adjustment, you cannot get the downward adjustment. *See*

*United States v. Smith,* 175 F.3d 1147, 1149 (9th Cir.1999).

present case. The application was made after a mere six hours of physical surveillance and before any potential witnesses had been interviewed. Wiles has admitted that he did not make any effort to contact the three people who had made statements to the DEA about Hunter's drug activities, even though one of them apparently lives in Los Angeles.

While the affidavit provided specific information about the problems with physical surveillance of the Gonzalez organization, the Gonzalez wiretaps established that "Gerald LNU" was a customer and not a member of that organization. In fact, Special Agent Wiles wrote a report the day the wiretap was issued (and two days before he purportedly determined that "Gerald LNU" was Hunter) specifically focusing on what he called the "Hunter organization." Without any information specific to the Hunter organization, the wiretap application was unacceptable. *See United States v. Spagnuolo*, 549 F.2d 705, 711 (9th Cir.1977) (suppressing wiretap evidence that was based on an affidavit "devoid of allegations that show why in this particular ... investigation ordinary investigative techniques will likely fail or be too dangerous").

Hunter has admitted to trafficking a great deal of cocaine. But the egregious facts of this case should not be the basis for giving the DEA carte blanche to make incomplete and misleading wiretap applications whenever it is investigating a drug conspiracy. The conclusion seems inescapable that a reasonable district court judge could have denied this wiretap application for lack of necessity. I respectfully dissent.