**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Lance M. TANAKA, Defendant– Appellant.**

No. 01–10552.

D.C. No. CR–00–00395–SOM.

United States Court of Appeals, Ninth Circuit.

Submitted June 10, 2002.*

Decided June 14, 2002.

Before RYMER, T.G. NELSON, and THOMAS, Circuit Judges.

MEMORANDUM **

Lance M. Tanaka appeals the 120–month sentence imposed following his guilty plea conviction for possession with intent to distribute crystal methamphetamine, in violation of 21 U.S.C. § 841(a)(1), and possession of a firearm, in violation of 18 U.S.C. §§ 922(k) and 924(a)(1). We have jurisdiction pursuant to 18 U.S.C. § 3742, and we affirm.

Tanaka contends on appeal that the district court abused its discretion by finding that he possessed a gun in connection with a drug offense, and thus, he was not eligi-

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. Rule 36–3.

ble for the safety-valve reduction under U.S.S.G. § 5C1.2. We disagree.

A defendant seeking a § 5C1.2 safety-valve reduction bears the burden of proving eligibility by a preponderance of the evidence standard. *United States v. Nelson,* 222 F.3d 545, 551 (9th Cir.2000). A review of the record indicates that the court relied on sufficient evidence in determining that Tanaka did not demonstrate by a preponderance of the evidence that the gun was not connected with his offense. U.S.S.G. § 5C1.2 (a)(2) (providing that a defendant is not eligible for the safety-valve reduction if he possessed a firearm in connection with the offense). The court noted that at the time of Tanaka's arrest (1) drugs were found on his person, (2) the gun was within his reach, and (3) there was drug-dealing paraphernalia in his car. *United States v. Smith,* 175 F.3d 1147, 1149 (9th Cir.1999) (holding that the court did not err in finding that the same conduct used to enhance the defendant's sentence under § 2D1.1, precluded the defendant's eligibility under § 5C1.2). Tanaka put forth no evidence to refute this conclusion, and accordingly, failed to meet his burden of proof. *Nelson,* 222 F.3d at 551 (concluding that denial of the safety-valve is appropriate where defendant fails to prove by a preponderance of the evidence that a gun was not involved in the offense). Therefore, the district court did not err by denying Tanaka the safety-valve reduction.

Tanaka also contends that 21 U.S.C. § 841 is facially unconstitutional pursuant to *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). This contention is foreclosed by this court's decision in *United States v. Buckland,* 289 F.3d 558 (9th Cir.) (as amended

en banc), *cert. denied,* —— U.S. ——, 122 S.Ct. 2314, 152 L.Ed.2d 1067 (2002).

AFFIRMED.