**UNITED STATES of America,
Plaintiff—Appellee,**

**v.**

**Vu Hoang LE, Defendant—Appellant.**

**No. 02–16315.**

**D.C. No. CV–00–2093–JW.**

United States Court of Appeals,
Ninth Circuit.

Submitted June 9, 2003.*

Decided June 19, 2003.

Before RYMER, THOMAS and SILVERMAN, Circuit Judges.

## MEMORANDUM**

Federal prisoner Vu Hoang Le appeals pro se the district court's order denying his motion to modify his sentence following his guilty plea conviction for two counts of conspiracy to obstruct commerce, in violation of 18 U.S.C. § 1951, and one count of using a firearm in relation to a crime of violence, in violation of 18 U.S.C. § 924(c). We have jurisdiction pursuant to 28 U.S.C. § 1291. We review for abuse of discretion the district court's denial of a motion for sentence reduction under 18 U.S.C.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

374

§ 3582(c)(2), *United States v. Sprague*, 135 F.3d 1301, 1304 (9th Cir.1998). We review de novo the district court's interpretation of the Sentencing Guidelines. *United States v. Smith*, 175 F.3d 1147, 1148 (9th Cir.1999). We affirm.

Vu contends the district court engaged in impermissible double-counting by imposing a five-level increase in his offense level under U.S.S.G. § 2B3.1(b)(2)(c) for possession of a firearm, in addition to sentencing Vu for using a firearm in violation of 18 U.S.C. § 924(c). We disagree.

Vu was convicted of conspiracy to obstruct commerce under one indictment, and was convicted of conspiracy to obstruct commerce and using a firearm under a second indictment. The district court imposed the firearm enhancement as to the first indictment only. *See* U.S.S.G. § 2K2.4 n. 2 (2000).

Although the firearm enhancement increased Vu's combined offense level under U.S.S.G. § 3D1.4, the offense level calculation did not increase Vu's punishment for a kind of harm already fully accounted for by another part of the Guidelines. *See United States v. Martin*, 278 F.3d 988, 1004 (9th Cir.2002).

**AFFIRMED.**

---

* The panel unanimously finds this case suitable for decision without oral argument, and denies Scott's request for oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.