**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Marvin Dixon HEAD, Defendant— Appellant.**

**United States of America, Plaintiff—Appellee,**

v.

**Tommy Lynn Greene, Defendant— Appellant.**

Nos. 02–50522, 02–50656.
D.C. Nos. CR–01–00901–GAF– 06, CR–01–00901–GAF–02.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 5, 2003.

Argued and Submitted Dec. 5, 2003.*

Decided Jan. 14, 2004.

Ronald L. Cheng, Cheryl O'Connor Murphy, Los Angeles, CA, for Plaintiff-Appellee.

* The panel unanimously granted Appellant Head's motion to submit his case without oral argument. *See* Fed. R.App. P. 34(a)(2). Appellant Greene's case was argued and submitted on December 5, 2003.

Stephen Lathrop, Torrance, CA, Verna J. Wefald, Pasadena, CA, for Defendant-Appellant.

Before HUG, B. FLETCHER, and WARDLAW, Circuit Judges.

### MEMORANDUM**

Marvin Dixon Head ("Head") and Tommy Lynn Greene ("Greene") appeal the sentences imposed by the district court following their guilty pleas to possession with intent to distribute more than 500 grams of methamphetamine, in violation of 21 U.S.C. § 841(a)(1). Both Head and Greene argue that the district court clearly erred in applying the "firearm enhancement" pursuant to § 2D1.1(b)(1) of the Sentencing Guidelines and in finding them ineligible for the so-called "safety valve" provision, § 5C1.2. Greene also contends that the district court clearly erred in finding that he was not entitled to a downward adjustment under § 3B1.2 as a "minor participant" in the drug operation. We have jurisdiction pursuant to 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291, and we affirm.

The district court did not clearly err in finding that the firearm enhancement, § 2D1.1(b)(1) of the Guidelines, was applicable to both Head and Greene. *See United States v. Cazares,* 121 F.3d 1241, 1244 (9th Cir.1997) (stating that this Court reviews for clear error the district court's finding that the defendant possessed a firearm during the commission of a narcotics offense). Head argues that it was "clearly improbable" that the firearms he possessed were connected with the offense. *See* U.S. Sentencing Guidelines Manual

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

§ 2D1.1, cmt. n. 3; *United States v. Lopez–Sandoval,* 146 F.3d 712, 714 (9th Cir. 1998). In light of the facts that Head possessed multiple weapons and that some of them were loaded, however, Head had not met his burden of showing that it was clearly improbable that the weapons were connected to the offense. Similarly, Greene possessed multiple firearms at his residence, some of them in the same room where drug paraphernalia was found. *Cf. United States v. Restrepo,* 884 F.2d 1294 (9th Cir.1989) (approving enhancement where defendant had one loaded handgun underneath his mattress in room containing drug paraphernalia). Moreover, and by Greene's own account, two of the firearms belonged to the leader of the drug operation. The district court therefore did not clearly err in finding that Greene failed to show that it was clearly improbable that the weapons were connected to the drug offense.

The district court also did not clearly err in finding that neither Head nor Greene qualified for the "safety valve" provision under § 5C1.2 of the Sentencing Guidelines. *See United States v. Ajugwo,* 82 F.3d 925, 929 (9th Cir.1996) (noting that this Court reviews the district court's determinations regarding the safety valve provision under the clear error standard). We reject Head's argument that the district court imposed a higher burden of proof on him when it suggested that Head had to show "beyond" a preponderance, rather than *by* a preponderance, that he did not possess a firearm in connection with the offense. *See United States v. Nelson,* 222 F.3d 545, 550 (9th Cir.2000).

Because the district court applied the correct standard, we view this statement as a simple slip of the tongue. It is clear that Head did not met his burden of showing by a preponderance of the evidence that he was eligible for the safety valve.

We also reject Greene's argument that the district court conflated the burdens of proof regarding the firearm enhancement and the safety valve provision at his sentencing. *See id.* at 551–52. A close reading of the entire sentencing proceedings indicates that the district court was relying on the same conduct (Greene's possession of the firearms) to apply the enhancement and reject the application of the safety valve. *See United States v. Smith,* 175 F.3d 1147, 1149 (9th Cir.1999).[1] Further, the record suggests that the district court understood that the two provisions carry different burdens of proof. In light of the facts and the colloquy, we certainly cannot say that the district court clearly erred in its determination that Greene was not eligible for the safety valve provision.

Finally, the district court did not clearly err in finding that Greene did not qualify for a downward adjustment to his offense level as a "minor participant" under § 3B1.2 of the Guidelines. *See United States v. Rosales–Rodriguez,* 289 F.3d 1106, 1112 (9th Cir.2002) (stating that this Court reviews for clear error the district court's determination that a defendant is not entitled to a "minor participant" adjustment). The record indicates that Greene's participation in the drug operation was substantial. The district court's

---

1. In *Nelson,* 222 F.3d at 550, we clarified that the district court can rely on the same *conduct* to both apply the enhancement and deny the application of the safety valve. At the same time, *Nelson* makes clear that there is a narrow window, such that a defendant who is not able to show that it is clearly improbable that a weapon he or she possessed was connected to the offense (such that the enhancement applies) can still show that it is more likely than not that a weapon was not used in connection with the offense (and therefore be eligible for the safety valve).

determination on this ground was not clearly erroneous.

**AFFIRMED.**