# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

Argued November 13, 2009        Decided April 23, 2010

No. 08-3040

UNITED STATES OF AMERICA,
APPELLEE

v.

VINSON GALES,
APPELLANT

Appeal from the United States District Court
for the District of Columbia
(No. 1:07-cr-00060-JR-2)

*Christopher S. Rhee*, appointed by the court, argued the cause for appellant. With him on the briefs were *Justin S. Antonipillai* and *Joshua M. Davis*, appointed by the court.

*Michael T. Ambrosino*, Assistant U.S. Attorney, argued the cause for appellee. With him on the brief were *Roy W. McLeese III* and *Chrisellen R. Kolb*, Assistant U.S. Attorneys.

Before: SENTELLE, *Chief Judge*, GINSBURG, *Circuit Judge*, and WILLIAMS, *Senior Circuit Judge*.

Opinion for the Court filed by *Chief Judge* SENTELLE.

SENTELLE, *Chief Judge*: Vinson Gales pled guilty to distribution of cocaine base and was sentenced to five years imprisonment, the mandatory minimum. He argues on appeal that the district court erred when it refused to sentence him to a lesser prison term under the so-called safety valve provision. Finding no error, we affirm.

## Background

Pursuant to a plea agreement, Gales pled guilty in the district court to unlawful possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1). After entering his plea but prior to sentencing, Gales attended a debriefing session with the government, at which time, according to Gales, he disclosed to the government all of the information he had concerning the charged offense. During the debriefing Gales gave to the government a description of his drug supplier, whom he admitted he had known for over ten years, since childhood. At a sentencing hearing a few months later the district court judge correctly held that a conviction for the amount of cocaine base specified in the plea agreement, five grams, carries a mandatory minimum sentence of five years, *see* 21 U.S.C. § 841(b)(1)(B)(iii). The judge further stated, however, that Gales was apparently eligible for the safety valve provision, *see* U.S. Sentencing Guidelines at Section 5C1.2, 18 U.S.C. § 3553(f), because during his debriefing he had disclosed to the Government what he knew about the charged offense. The safety valve provision permits the district court to impose a sentence below the mandatory minimum if, *inter alia*, the defendant prior to sentencing truthfully discloses to the government all information in the defendant's possession concerning the charged offense. The judge stated that pursuant to the safety valve provision Gales' Sentencing Guidelines range would be 46 to 57 months instead of the five year mandatory minimum. The judge then asked the prosecutor if he had any

comments, at which point the prosecutor stated that contrary to the judge's impression, the government did not believe that Gales had been fully forthcoming with respect to the charged offense and the government therefore did not consider Gales to be safety valve eligible. In particular, the prosecutor related that at Gales' debriefing Gales gave untruthful information concerning the person who supplied him with the cocaine base, *e.g.*, Gales stated that he only knew his supplier's first name, but no last name, and no address. After Gales' attorney stated that she disagreed with the prosecutor's assessment of the information given to the government by Gales, the judge opined that he was not sure, as a matter of law, who it is that decides what is truthful and what is not truthful when the safety valve provision is under consideration. The court then scheduled a full hearing on the safety valve issue.

At the safety valve hearing the judge began by reviewing the positions of the parties. Gales asserted that he was entitled to be sentenced pursuant to the safety valve provision because he had told the government everything he knew concerning the charged offense. The government contended that Gales had not been truthful about his drug source. The judge then stated that under the case law Gales had the burden of establishing that he had truthfully provided to the government everything he knew about the charged offense, but the judge also stated that he was not sure how Gales would sustain the burden of proving that he had not lied about how much he knew. Each of the parties then put forth proffers. The prosecutor reiterated his position that Gales had given to the government only minimal information concerning his drug supplier, *e.g.*, only a one-word name, no last name, no telephone number, and no address; the prosecutor opined that, considering the length of time Gales had known his supplier, on its face Gales' story did not make sense. Gales' attorney then proffered that Gales had been truthful and had told the government all he knew concerning the charged offense. At

the close of the safety valve hearing the judge concluded that he could not sentence Gales pursuant to the safety valve provision because Gales had not truthfully provided to the government all information he had concerning the charged offense, noting in particular that Gales stated he knew his supplier only by a one-word name, no last name, no telephone number, and no address. At a subsequent sentencing hearing, the judge again stated that he would not sentence Gales pursuant to the safety valve provision, finding that it was not credible that Gales could not remember the name of his supplier or where he lived. In passing, the judge questioned the practicality of putting the safety valve credibility decision on the trial judge, particularly in a situation where, as here, the only evidence put forth was a proffer by each of the parties. The judge then sentenced Gales to the five year mandatory minimum.

In a subsequent memorandum opinion, *United States v. Gales*, 560 F.Supp. 2d 27 (D.D.C. 2008), the court further explained its reasons for not sentencing Gales pursuant to the safety valve provision. The opinion reiterated that the judge had found Gales' story implausible in that he "doubted that Gales would have done regular business with a person about whom he had such little information." 560 F.Supp. 2d at 28. The court held that under the case law the defendant has the burden of proof "to establish, by a preponderance of the evidence, that he is entitled to safety valve relief." *Id.* (quoting *United States v. Mathis*, 216 F.3d 18, 29 (D.C. Cir. 2000)). In most safety valve cases, the court further noted, the defendant at a debriefing relates to the government what he or she knows concerning the charged offense, the government is satisfied, and the safety valve is applied. But the judge stated that in cases like Gales', when the government believes that the defendant is withholding information or misstating facts, then under this circuit's precedents the burden of proof shifts to the defendant. 560 F.Supp. 2d at 28-29 (citing *Mathis*, 216 F.3d at 29). The court

ruled that the defendant had not carried that burden and was therefore not eligible for sentencing under the safety valve provision.

Gales appeals the district court's refusal to sentence him pursuant to the safety valve provision, requesting that we vacate his sentence and remand his case for resentencing.

**Discussion**

The safety valve provision, 18 U.S.C. § 3553(f), incorporated into the United States Sentencing Guidelines (U.S.S.G.) at § 5C1.2, permits a district court to impose a sentence below the statutory minimum if, *inter alia*, the defendant discloses to the government all information in the defendant's possession concerning the offense of conviction. Prior to enactment of the safety valve provision, "defendants convicted of certain drug crimes could receive a sentence below the statutory minimum only on the Government's motion to depart downward based on a defendant's substantial assistance to the authorities. *See* 18 U.S.C. § 3553(e); U.S.S.G. § 5K1.1." *United States v. Shrestha*, 86 F.3d 935, 938 (9th Cir. 1996). Congress enacted the safety valve provision in order to provide similar sentencing relief to lower level offenders who were willing to cooperate with the government but did not possess information of substantial assistance. *Id.*

Section 5C1.2 sets forth five criteria for invocation of the safety valve provision. The first four criteria, not at issue here, require that the defendant be a nonviolent offender who played a minor role in the offense. The fifth criterion requires that:

> not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has

> concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan, but the fact that the defendant has no relevant or useful other information to provide or that the Government is already aware of the information shall not preclude a determination by the court that the defendant has complied with this requirement.

U.S.S.G. § 5C1.2(a)(5); 18 U.S.C. § 3553(f)(5).

In *United States v. Alvarado-Rivera*, 412 F.3d 942, 947 (8th Cir. 2005), the Eighth Circuit noted that pursuant to the safety valve "it is the district court which is to determine at sentencing whether the requirements for the benefit have been met, including whether a defendant has furnished truthful information." And this Circuit has previously held that the defendant "bears the burden to establish by a preponderance of the evidence that he is entitled to safety valve relief." *Mathis*, 216 F.3d at 29. *See also United States v. Stephenson*, 452 F.3d 1173, 1179 (10th Cir. 2006) (concluding that "[t]he defendant bears the burden of proving by a preponderance of the evidence that he is entitled to safety-valve adjustment"); *United States v. Montanez*, 82 F.3d 520, 523 (1st Cir. 1996) ("[I]t is up to the defendant to persuade the district court that he has 'truthfully provided' the required information and evidence to the government."). We review factual findings of the district court made under the safety valve provision, including credibility determinations, under the clearly erroneous standard. *In re Sealed Case*, 105 F.3d 1460, 1462 (D.C. Cir. 1997).

Gales puts forth two main arguments on appeal: first, he contends that the district court incorrectly applied the burden of proof to him under the safety valve provision; and second, he claims that the district court erred when it concluded that Gales' story concerning his drug supplier was not credible. We address

these arguments in reverse.

Gales argues that the district court's determination that his description of his drug supplier was not credible on its face is not supported by the record. He contends that for more than 45 minutes during his debriefing he provided the government with detailed information about his supplier and that the government offered no testimony, other evidence, or proffer to contradict any of his account. In support of his argument, Gales cites *Jackson v. United States*, 353 F.2d 862 (D.C. Cir. 1965), for the proposition that in order for the district court to find that information from a witness is inherently incredible, "that information must 'contain[] internal contradictions and [be] contrary to human experience.'" Appellant's Brief at 17 (quoting *Jackson*, 353 F.2d at 867 (alterations in the brief)). That is not, however, what the *Jackson* case held. The quoted language stated the reason for the court's holding that a particular witness's testimony should have been discredited in that particular case. Neither *Jackson* nor any other case from our circuit establishes as mandatory the criteria for which appellant contends. The *Jackson* panel did, however, opine helpfully that "[i]n some cases . . . testimony[] will simply be too weak and too incredible, under the circumstances, to accept." 353 F.2d at 867.

Citing *United States v. Jones*, 913 F.2d 1552, 1559 n.7 (11th Cir. 1990), Gales contends that to justify its finding the district court would have had to conclude that his account of his drug supplier was "unbelievable on its face" or "'so contrary to the teachings of human experience' that no rational person could believe it." *Id.* Like the *Jackson* court, the *Jones* court was reciting, not the test that a district judge must employ in determining credibility, but the standards that a court of appeals was employing—or in that case finding inapplicable—in reviewing the credibility determinations of a district court.

Therefore, even if the *Jones* case were a binding holding of this circuit, it would not compel us to find clear error by the district court. We do, however, find a decision of the First Circuit helpful in our analysis.

In *United States v. Montanez*, 82 F.3d 520 (1st Cir. 1996), the defendant, like Gales, pled guilty to charges of drug distribution. He argued that he had fulfilled the requirements of the safety valve provision because he had sent to the government a letter purporting to contain information concerning the drug sales. The government, however, claimed that the letter was insufficient, pointing out various omissions, including who supplied the defendant with the drugs. In affirming the district court's denial of relief under the safety valve, the First Circuit stated that the government was "perfectly free to point out the suspicious omissions at sentencing, and the district court [was] entitled to make a common sense judgment." 82 F.3d at 523. So too here. Although Gales is correct that the government did not offer any hard evidence of its own contradicting Gales' account, the government did argue to the district court that Gales' inability to identify more concretely his supplier was simply not credible. The district court, in turn, was entitled to consider the government's point and make reasonable inferences from the evidence. "[N]othing prevents a district court from deciding that it is unpersuaded of full disclosure." *Montanez*, 82 F.3d at 523. The district court did not clearly err in thinking it highly unlikely that Gales did not have any further information on the identity of his steady supplier, whom he claimed to have known for ten years, beyond the vague description given to the government. We think it evident that the district court did not commit clear error in denying him the safety valve adjustment. *See United States v. Stephenson*, 452 F.3d 1173, 1181 (10th Cir. 2006).

Having disposed of Gales' credibility argument, we next address his argument that the district court incorrectly applied the burden of proof to him under the safety valve provision. Gales contends that the district court "misunderstood and misapplied" the burden of proof under the safety valve provision, claiming that after the government expressed its doubts to the district court about Gales' story concerning his drug supplier, the district court shifted the burden of proof to Gales to prove that he had not lied. Gales argues that such an "impossibly high burden" is not imposed by the law. Instead he claims that once he made a credible showing that his story was truthful and complete, it was the government's burden to present evidence showing otherwise. In support of this claim Gales cites *United States v. Miranda-Santiago*, 96 F.3d 517 (1st Cir. 1996), in which the First Circuit held that where a defendant has credibly demonstrated that she has provided the government with all the information she was reasonably expected to possess, in order to defeat that demonstration, the government must come forward with some sound reason to suggest otherwise. 96 F.3d at 529 n. 25. The First Circuit's holding, while not binding upon us, seems sensible but inapplicable. As the First Circuit stated, "[b]y this analysis, we do not suggest any change in the defendant's ultimate burden of proof under U.S.S.G. § 5C1.2." That circuit only opined that where the defendant has made such a credible demonstration, the government then has some burden of going forward. As the district court in this case found that the defendant's proffer was not credible, even if we were to follow the First Circuit, the *Miranda-Santiago* rationale would not permit us to find clear error.

Gales also looks for support in *United States v. Shrestha*, 86 F.3d 935 (9th Cir. 1996). In that case, the government appealed from a district court decision applying a safety valve reduction. The district court had held that the defendant had provided to the Government the name of his drug source but the Government

argued that the defendant had perjured himself during trial and was therefore automatically disqualified from safety valve eligibility. The Ninth Circuit held that the district court had not erred: as the defendant had provided the government with complete information by the time of the sentencing hearing, as the safety valve provision requires, the defendant was safety-valve eligible. 86 F.3d at 940. Again, *Shrestha* does not support Gales' argument. Like the First Circuit, the Ninth Circuit opined that "[t]he initial burden is incontestably on the defendant to demonstrate by a preponderance of the evidence that he is eligible for the reduction. Once he has made this showing, however, it falls to the Government to show that the information he has supplied is untrue or incomplete." *Id.* at 940 (citation omitted). We need not determine whether we agree with the Ninth Circuit as to the second step it sets forth (assuming that the second quoted sentence is speaking of a sequential step). As we stated above, Gales has not met the first step. As Gales failed to carry his burden of establishing by a preponderance of the evidence that he was entitled to safety valve relief, *Mathis*, 216 F.3d at 29, we conclude that there was no incorrect application by the district court of the burden of proof to the defendant.

Finally, Gales contends that when the district court stated that the way the safety valve works is for Gales to give the government "the answer they want," the court was giving the government the same discretion it has pursuant to the Sentencing Guidelines' substantial assistance provision, U.S.S.G. § 5K1.1. That is, the district court was allowing the government to prevent him from receiving relief under the safety valve. According to Gales, this was not Congress' intent. As noted above, pursuant to § 5K1.1, a departure from the guidelines is allowed if the government has filed a motion with the court stating that the defendant has provided substantial assistance in its investigation of the underlying offense. In

contrast, no such motion is required under the safety valve provision; rather, it is the sentencing court that determines whether the defendant has met the safety valve criteria. Here, after considering the proffers made by the parties at the safety valve hearing, the district court concluded that Gales had not established that he had truthfully provided to the government all information he had concerning the offense, and the court therefore held it unlawful to invoke the safety valve provision. The court supported this conclusion by holding in its memorandum opinion that Gales was not eligible for the safety valve because the court had found his story implausible. 560 F.Supp. 2d at 28. Consequently, we agree with the government that the district court's conclusion was consistent with the underlying purposes and established criteria of the safety valve provision.

## Conclusion

For the foregoing reasons we affirm the judgment of the district court.