**NOT FOR PUBLICATION**

OCT 23 2012
MOLLY C. DWYER, Cl
U.S. COURT OF APPEA

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-30313 |
| Plaintiff - Appellee, | D.C. No. 3: 08-cr-00385-RE-5 |
| v. | |
| ELEUTERIO SATURNINO RUIZ-SALOMON, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Oregon
Anna J. Brown, District Judge, Presiding

Submitted October 10, 2012[**]
Portland, Oregon

Before: SILVERMAN, CLIFTON, and N.R. SMITH, Circuit Judges.

Eleuterio Saturnino Ruiz-Salomon appeals the district court's denial of his

motion to withdraw his guilty plea and his ten-year sentence for conspiring to

manufacture marijuana in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(vii),

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

1

846. We affirm.

We review the district court's denial of Ruiz-Salomon's motion to withdraw his guilty plea for abuse of discretion. *United States v. Briggs*, 623 F.3d 724, 727 (9th Cir. 2010). We agree with the reasoning of the district court's order denying Ruiz-Salomon's withdrawal motion. Ruiz-Salomon repeatedly acknowledged that he fully understood the consequences of his guilty plea. Indeed, at the plea colloquy, he stated himself, "I am pleading guilty just on my own volition . . . ." Accordingly, Ruiz-Salomon's purported reasons for withdrawing his guilty plea were directly contradicted by his signed plea petition and his statements under oath during the Rule 11 plea colloquy. Such statements "carry a strong presumption of veracity," and the district court was entitled to rely on them in denying the withdrawal motion. *United States v. Ross*, 511 F.3d 1233, 1236–37 (9th Cir. 2008); *see also Briggs*, 623 F.3d at 728.

Ruiz-Salomon was not denied his Sixth Amendment right to effective assistance of counsel. Although we do not ordinarily entertain ineffective assistance of counsel claims on direct appeal, the record is sufficiently developed for us to decide the particular complaints that Ruiz-Salomon asserts here. (We do not comment on any other bases of alleged ineffective assistance that Ruiz-Salomon may subsequently assert). *See United States v. Rahman*, 642 F.3d

2

1257, 1259–60 (9th Cir. 2011).

First, nothing in the record supports Ruiz-Salomon's argument that he received ineffective assistance of counsel because his attorney disclosed allegedly privileged information at the withdrawal hearing. Defense counsel did not say anything to the district court to contest or otherwise undermine the merits of Ruiz-Salomon's withdrawal motion. Rather, counsel vigorously argued on his client's behalf, asserting, among other things, that Ruiz-Salomon did not understand the consequences of his guilty plea because he had only a sixth grade education. Therefore, Ruiz-Salomon has not pointed to any facts indicating that he was prejudiced by any statements his counsel made at the withdrawal hearing. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

Second, Ruiz-Salomon was not denied his Sixth Amendment right to conflict-free counsel based on his attorney's actions in connection with the withdrawal motion. To demonstrate that his right to conflict-free counsel has been violated, Ruiz-Salomon must point to facts in the record showing that "an actual conflict of interest adversely affected his lawyer's performance." *Cuyler v. Sullivan*, 446 U.S. 335, 350 (1980). Ruiz-Salomon has failed to point to such facts or to establish his defense counsel's alleged conflict of interest. Although he claims that defense counsel acted as both "advocate and witness" in arguing the

3

withdrawal motion, the record does not support this argument. Defense counsel did not take the witness stand or otherwise testify against Ruiz-Salomon during the withdrawal hearing.

Finally, we affirm the sentence. The district court's finding that Ruiz-Salomon possessed a firearm in connection with his offense was not clearly erroneous. The handgun that authorities discovered on the path taken by Ruiz-Salomon when he fled was dry, while the ground surrounding it was wet with dew. Authorities also found other objects that Ruiz-Salomon dropped on or near this same path. Based on this finding, the district court properly enhanced Ruiz-Salomon's sentence by two levels under U.S.S.G. §2D1.1(b)(1) and disqualified him from safety valve relief under U.S.S.G. §5C1.2. *See United States v. Smith,* 175 F.3d 1147, 1149 (9th Cir. 1999).

**AFFIRMED.**