**In re SEALED CASE.**

**No. 11–3075.**

United States Court of Appeals,
District of Columbia Circuit.

Feb. 26, 2013.

Before: ROGERS and TATEL, Circuit Judges, and SENTELLE, Senior Circuit Judge.

PER CURIAM.

### *JUDGMENT*

This appeal was presented to the court, and briefed and argued by counsel. The court has accorded the issues full consideration and has determined they do not warrant a published opinion. For the reasons presented in the accompanying memorandum, it is

**ORDERED and ADJUDGED** that the judgment of the district court be affirmed.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.

### *MEMORANDUM*

Appellant pled guilty to conspiracy to distribute and possess with intent to distribute more than one kilogram of heroin, 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(i), 846, and was sentenced to the mandatory minimum of 120 months in prison. He challenges his sentence on the ground that he was eligible for the safety valve provision, 18 U.S.C. § 3553(f). The district court concluded that appellant was not eligible because, despite cooperating in the government's prosecution of charged co-conspirators and other investigations, appellant was not truthful about post-plea, pre-sentencing drug trafficking he engaged in on two occasions. Because appellant advances his contentions for the first time on appeal, our review is for plain error, *see United States v. Plunkett,* 125 F.3d 873, 874 & n. 1 (D.C.Cir.1997), and we find none.

The safety valve provision allows a defendant to avoid a mandatory minimum sentence if, among other things, "the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan." 18 U.S.C. § 3553(f)(5). The defendant must disclose information concerning "the offense of conviction and all relevant conduct." U.S. Sentencing Guidelines § 5C1.2, cmt. n. 3; *Plunkett,* 125 F.3d at 875–76 & n. 3. The district court did not plainly err in determining that appellant's subsequent trafficking of significant amounts of drugs was "relevant conduct" and "part of the same course of conduct" as the offense of conviction. *See United States v. Rojas–Coria,* 401 F.3d 871, 873–74 (8th Cir.2005); *United States v. Miller,* 151 F.3d 957, 958, 961 (9th Cir.1998); *United States v. Gambino,* 106 F.3d 1105, 1111 (2d Cir.1997). At sentencing, appellant essentially conceded that the pre-sentencing trafficking was relevant to the offense of conviction by admitting that he had committed the same type of crime.

Nor did the district court fail to provide appellant a reasonable opportunity to rebut the government's representations re-

garding his safety valve eligibility. "[T]he defendant bears the burden to establish by a preponderance of the evidence that he is entitled to safety valve relief." *United States v. Gales,* 603 F.3d 49, 52–53 (D.C.Cir.2010). Immediately after the government argued that the safety valve provision was inapplicable because appellant did not disclose the identities of suppliers involved in the subsequent trafficking, the district court invited appellant to speak on his own behalf. Appellant did not contest the government's representations, but rather apologized to the district court for the pre-sentencing trafficking that he acknowledged he committed. Nor did appellant's counsel rebut the government's representations or request an evidentiary hearing.